Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 739 | **DATE** | 2/4/2013 |
| **CASE TITLE** | Wail Salem (#R-62801) vs. Officer Brown, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his amended complaint [12]. The clerk shall issue summonses for service of the amended complaint [12] by the U.S. Marshal on Cook County Jail Officers Brown, Grude, and Zacome. The clerk shall forward to plaintiff a Magistrate Judge consent form, along with instructions for filing documents in this court. The clerk shall also mail a copy of this order to the trust fund officer at Lawrence Correctional Center, who is authorized to make deductions from plaintiff's trust fund account in accordance with this order. Plaintiff's motion for the appointment of counsel [7] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Wail Salem, currently an inmate at Lawrence Correctional Center, filed an amended complaint in accordance with the court's February 8, 2012, order. Plaintiff again names as defendants Cook County Jail Officers Brown, Grude, and Zaccone, and he alleges that between August 20-30, 2011, while he was incarcerated at the Cook County Jail, the officers refused to accommodate his observance of Ramadan with respect to the serving of meals and also harassed him by shouting racial slurs during Ramadan. The court having reviewed the amended complaint in accordance with 28 U.S.C. § 1915A, plaintiff states colorable claims against the defendants and may proceed with his amended complaint. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005); *see also Warren v. Peterson*, No. 08 C 2518, 2008 WL 4411566 at *4 (N.D. Ill. Sept. 25, 2008) (Hart, J.) (addressing a prison's need to accommodate Muslim inmates during Ramadan). The court further notes that plaintiff has cured the defects with his original complaint and no longer includes unrelated claims of excessive force in this case.

At a status hearing on June 19, 2012, the court granted plaintiff's motion to file his complaint *in forma pauperis* ("IFP"). The initial filing fee is waived. The trust fund officer at plaintiff's place of confinement is directed to make deductions from plaintiff's trust account as follows. The trust fund officer shall collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Collected monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Lawrence Correctional Center authorities shall notify transferee authorities of any outstanding balance in the event he is transferred.

The clerk shall issue summonses for service of the amended complaint on Cook County Jail Officers

| STATEMENT |
|---|

Brown, Grude, and Zaccone. The United States Marshals Service is appointed to serve these defendants Any service forms necessary for plaintiff to complete for the Marshal to accomplish service will be sent by the Marshal to plaintiff. Plaintiff's failure to return those forms may result in the dismissal of unserved defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former employee no longer at the work address provided by plaintiff, Cook County Jail officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any filing to defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. The issues of this case are not complex, and plaintiff appears competent to represent himself at this stage of this case. Counsel is not warranted at this time. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).